UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY DWAYNE WILLIAMS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

                              /

Case No. 1:16-cv-1115

HON. ROBERT HOLMES BELL

## **OPINION**

This matter comes before the Court on Movant Anthony Dwanye Williams's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) On November 22, 2016, the Government filed a response in opposition. (ECF No. 6.) For the reasons that follow, Movant's § 2255 motion is denied.

### I.

On January 7, 2011, the Grand Rapids Police Department arrested Movant for various firearms violations. At that time, Movant was on parole from the Michigan Department of Corrections for home invasion and unarmed robbery. He was initially charged in state court with carrying a concealed weapon, possession of a firearm by a felon, resisting and obstructing a police officer, and possession of marijuana. (*United States v. Williams*, No. 1:11-cr-110, ECF No. 18, PageID.29.) The court set bond at $250,000 cash or surety, and placed a parole hold on Movant. (*Id.*) After a preliminary examination, the court bound him over on all charges and

he remained in state custody. Movant was also indicted in federal court on April 13, 2011, on one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). At Movant's initial appearance, he waived detention due to the pending parole hold and remained in federal custody pending further proceedings. On June 24, 2011, Movant pleaded guilty to felon in possession of a firearm. There was no plea agreement.

Movant filed a motion to correct sentence, seeking jail credit from April 28, 2011 through November 9, 2011, and March 28, 2012 through April 23, 2012. (*United States v. Williams*, 1:11-cr-110, ECF No. 33, PageID.117.) The Court denied his motion, explaining that "[t]he Court [was] not authorized to grant credit for time served." (*United States v. Williams*, 1:11-cr-110, ECF No. 34, PageID.121.) Movant did not appeal the decision. On September 9, 2016, Movant filed this § 2255 motion, claiming that his counsel was constitutionally ineffective for failing to request jail credit for time Movant spent in federal custody.

**II.**

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

### III.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a § 2255 motion must be filed within one year of the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Movant did not appeal his sentence. Therefore, his conviction became final when the time for filing a direct appeal expired, which was 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1); *see also Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013). The Court entered judgment on November 4, 2011, so Movant's conviction became final 14 days later, on November 18, 2011. Thus, Movant had one year to file his § 2255 motion, or until November 19, 2012.[1] Movant did not file this § 2255 motion until September 9, 2016, nearly four years after his conviction became final.

Movant argues that his motion is timely because it was filed within one year of the "date on which the facts supporting the claim presented could have been discovered through the

---

[1] November 18, 2012 falls on a Sunday, so Movant would have had until the next business day, November 19, 2012 to file his § 2255 motion.

exercise of due diligence." 28 U.S.C. § 2255(f)(4). But this applies to the discovery of new facts, not new legal theories. *Taylor v. United States*, 518 F. App'x 348, 349-50 (6th Cir. 2013) (holding that "discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4)").

Movant argues that he believed he could not file an appeal based on an appeal waiver in his plea agreement. But Movant did not have a plea agreement. Movant does not allege the discovery of a new fact, but rather alleges a new legal theory. Moreover, Movant filed a motion in 2013 to amend or correct judgment. Movant has failed to explain why he could not have included a claim for ineffective assistance of counsel in that motion or why he could not have brought a § 2255 motion during that time. He does not allege that he discovered any new facts to support this claim since 2013. And his claim for ineffective assistance of counsel arises out of his claim for the motion to amend or correct judgment. Thus, his motion is time-barred under § 2255(f)(1) and (f)(4).

Likewise, Movant has not shown that he is entitled to equitable tolling under *Holland v. Florida*, 560 U.S. 631, 349 (2010). A petitioner is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently, and (2) an extraordinary circumstance stood in his way to prevent the timely filing. *Id.* Movant has not shown an extraordinary circumstance. Rather, he claims that he spoke with a jailhouse attorney who informed him that he could file an appeal of his sentence.

## IV.

For the reasons stated above, Movant's motion to vacate, set aside, or correct the sentence imposed upon him by this Court will be denied as untimely. Because the Court finds that the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), no evidentiary hearing is required.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant the grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed Movant's claim on statute-of-limitation grounds. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Movant a certificate of appealability.

A judgment and order will enter in accordance with this opinion.

Dated: December 19, 2016            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    UNITED STATES DISTRICT JUDGE